# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA YVETTE COBB, | Case No. 1:13-cv-0888-BAM |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S COMPLAINT** |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |
| _____/ | |

## INTRODUCTION

Plaintiff Yolanda Cobb ("Plaintiff"), proceeding *pro se* and in forma pauperis, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act.  42 U.S.C. §§ 405(g), 1383(c)(3).[1]  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.  The Court finds the decision of the Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and based upon proper legal standards.  Accordingly, this Court affirms the agency's determination to deny benefits.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

**FACTS AND PRIOR PROCEEDINGS**

On September 24, 2009, Plaintiff filed her current application for SSI, alleging disability beginning July 1, 2009.  AR 165.[2]  Plaintiff's application was denied initially and on reconsideration.  AR 96-100. Subsequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  ALJ John Cusker held a hearing on September 20, 2011, and issued an order denying benefits on January 19, 2012.  AR 16-33.  Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision.  AR 1-3.  This appeal followed.

**Hearing Testimony**

The ALJ held a hearing on September 20, 2011 in Fresno, California. AR 40-74.  Plaintiff appeared and testified with her attorney Melissa Proudian.  AR 40.  Impartial Vocational Expert ("VE") Judith Najarian also testified.  AR 40.

Plaintiff was 45-years old at the time of the hearing; she is not married and she lives with her sister and her sister's three children.  AR 44, 50.  Plaintiff does not have a driver's license and frequently takes the city bus for transportation.  AR 45.  Plaintiff testified that she can read and write, but she dropped out of high school in the 11th grade.  AR 45.  Plaintiff's last job was as a group home counselor in 2008. AR 45. She also worked as a drug counselor at Valley State Prison around 2001 or 2002. AR 46.

With respect to her daily activities, Plaintiff goes to church once every three months. AR 52. On a good day, Plaintiff will do activities with her sister, but will not leave the house on a bad day. AR 52. Plaintiff testified that she can occasionally take care of her own personal needs, but sometimes has trouble maintaining her balance in the shower.  AR 51. Plaintiff does not cook unless people are around to avoid falling.  AR 51. Plaintiff however vacuums and sweeps and occasionally goes to the grocery store. AR 51.  Plaintiff's hobbies include fishing and watching television for two to three hours a day.  AR 52.

When asked about her history of drug and alcohol abuse, Plaintiff testified that she previously abused drugs "really bad" in 2009. AR 52.  Plaintiff claims that she used to drink

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

alcohol, smoke marijuana, and use cocaine. AR 53. Plaintiff has not attended drug rehabilitation, but she testified that she last used these drugs in 2009. AR 52. Plaintiff still occasionally drinks alcohol "every once in a while." AR 53.

In regards to her alleged disability, Plaintiff alleged that she cannot work due to severe back pain, irritable bowel syndrome, major depression, and anxiety.  Plaintiff was seeing a pain specialist for her undiagnosed back pain, but due to complications she is in the process of finding another pain doctor.  AR 53. Plaintiff testified that she has taken medication for mental problems, but that the medication does not work. AR 54. Plaintiff testified that her past drug use was because narcotics helped her calm her nerves because she was "scared all the time." AR 55-56. She was afraid of the voices would tell her to hurt herself and hurt other people. AR 56. The substances made it easier for Plaintiff to deal with the voices. AR 57. Plaintiff further stated that her mental problems were triggered through a series of family deaths in 2007. AR 57. Plaintiff's mental problems cause difficulty concentrating and she spends most of her day lying down. AR 60. She has suicidal thoughts once or twice a month and reported a recent hospitalization for a suicide attempt. AR 62-63.  Plaintiff takes medications to help with her symptoms, but Plaintiff stated that her medication makes her sleepy, forgetful, dizzy, and causes headaches. AR 48.

With respect to plaintiff's physical impairments, she testified that she has trouble sitting for longer than thirty-minutes at a time.  AR 64. Plaintiff also has trouble sleeping because the pain in her nerves sometimes jerk her awake at nights.  AR 65. Plaintiff testified she can stand for fifteen to twenty minutes and she can lift a half-gallon of milk.  AR 66.

Thereafter, the ALJ elicited testimony of vocational expert Judith Najarian. AR 68. The vocational expert testified that Plaintiff had past relevant work in the medium, semi-skilled jobs of a houseparent, psychiatric attendant, and as a social service aide.  AR 69-70. The ALJ asked the vocational expert what jobs a hypothetical individual could perform with Plaintiff's RFC and the VE concluded that person could perform work as a cafeteria attendant, mail clerk, and office helper.  AR 71.

**Medical Record**

The entire medical record was reviewed by the Court.  AR 256-561.  The medical evidence will be referenced below as necessary to this Court's decision.

3

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard. AR 16-32. More particularly, the ALJ found that Plaintiff had not engaged in any substantial gainful activity since September 24, 2009. AR 19. Further, the ALJ identified degenerative disc disease, chronic low back pain, asthma, major depressive disorder, and polysubstance dependence as severe impairments. AR 19. Nonetheless, the ALJ determined that the severity of the Plaintiff's impairment did not meet or exceed any of the listed impairments. AR 19.

Based on his review of the entire record, the ALJ determined based on all of Plaintiff's impairments, including the substance use disorder, Plaintiff had the residual functional capacity (RFC) to lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and/or walk for 6 hours in an 8-hour day; and push and/or pull on an unlimited basis, other than as shown for lift and/or carry. Plaintiff can occasionally stoop and crouch; frequently climb ramps, stairs, ladders, ropes or scaffolds and frequently balance, kneel and crawl. AR 20. Plaintiff has no manipulative, visual, communicative, or environmental limitations. She has the mental residual functional capacity to understand, remember and follow 1-2 step tasks; however she cannot maintain attention; and her persistence is poor unless supervised. She can interact with supervisors, co-workers and the public over brief periods, but she cannot withstand routine workday stress nor adapt to change without support. AR 20.

The ALJ found that with the above RFC, Plaintiff was unable to perform her past relevant work as a houseparent, psychiatric aide, nor drug counselor. AR 26. Having found that that Plaintiff did not have the RFC to return to her previous work, whether or not she stopped her substance abuse, the ALJ next considered whether Plaintiff could perform other jobs in the national economy. With regard to all of Plaintiff's impairments, "including the substance abuse disorder," the ALJ concluded that "there are no jobs that exist in significant number in the national economy that Plaintiff can perform." If Plaintiff stopped the substance abuse, Plaintiff would still be unable to return to her past work, but the ALJ determined that other jobs existed in significant numbers in the national economy that Plaintiff could perform. AR 32. The ALJ therefore found that Plaintiff was not disabled under the Social Security Act. *Id.*

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commission's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commission must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commission's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Here, Plaintiff's sole argument is that the ALJ erred in finding that she would not be disabled absent her drug and alcohol abuse. (Doc. 16 at 12).

# DISCUSSION[3]

## 1. THE ALJ PROPERLY DETERMINED THAT SUBSTANCE ABUSE WAS A CONTRIBUTING FACTOR MATERIAL TO THE DETERMINATION OF DISABILITY

Plaintiff challenges the ALJ's determination that her substance use disorder is a contributing factor material to the determination of disability. (Doc. 16 at 14). Plaintiff argues that the ALJ failed to credit the consultative examiner's opinion that the "likelihood of Plaintiff's durability problems was good." According to Plaintiff, in essence, Dr. Gaab opined that Plaintiff's disability would continue despite her drug and alcohol abuse. AR 552. Based on this interpretation of Dr. Gaab's opinion, Plaintiff argues that the ALJ's conclusion that Plaintiff would not be disabled if she stopped the substance use is not based on substantial evidence and constitutes legal error.

In determining whether a claimant's drug addiction is a contributing factor material to the determination of a disability, the "key factor" an ALJ must examine is whether the claimant would still be disabled if she stopped using illegal drugs. 20 C.F.R. § 416.935(b)(1). In making this determination, an ALJ must evaluate which of the claimant's limitations would remain if she stopped using illegal drugs, and whether any or all of those remaining limitations would be disabling. 20 C.F.R. § 416.935(b)(2). If the ALJ determines that the claimant's remaining limitations would not be disabling, the ALJ "will find that [the claimant's] drug addiction ... is a contributing factor material to the determination of disability." 20 C.F.R. § 416.935(b)(2)(i). The burden of proving that drug addiction was not a contributing factor material to the disability determination falls on the claimant, *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007), but "the ALJ retains the responsibility of developing a full and fair record in the non-adversarial administrative proceeding." *Brueggemann v. Barnhart*, 348 F.3d 689, 693 (8th Cir. 2003) (citation omitted).

In certain cases, a claimant's substance use and impairment may be closely related. *See, e.g., Salazar v. Barnhart*, 468 F.3d 615, 623 (10th Cir. 2006) (claimant's mental illness may account for that claimant's substance abuse); *Kangail v. Barnhart*, 454 F.3d 627, 629 (7th Cir.

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

2006) (claimant's mental illness can precipitate substance abuse as a means by which the claimant tries to self-medicate). Notably, the mere fact that substance abuse aggravates rather than medicates mental illness does not establish that the mental illness itself is not disabling. *See Kangail*, 454 F.3d at 629. Due to the difficulty inherent in separating the effect of mental illness on a claimant's functioning from the effect of substance use on that same claimant's functioning, courts have held that if the effect of a claimant's mental illness cannot be separated from the effects of substance abuse, the substance abuse is not a contributing factor material to the disability determination. *See, e.g., Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir. 2010) ("In other words, on the materiality of his marijuana use, a tie would go to [claimant]."); *Salazar*, 468 F.3d at 622-24. If, however, the claimant's physician concludes that the claimant's mental illness is secondary to the primary problem of substance abuse, the record supports a finding that the claimant is not disabled. *See, e.g., Vester v. Barnhart*, 416 F.3d 886, 891 (8th Cir. 2005) ("After considering all of the evidence under the substantial evidence standard, we are satisfied that the ALJ [ ] untangled [claimant's] history of alcoholism and mental illness with sufficient clarity and detail to support the finding that she is not disabled apart from her alcoholism."). The Ninth Circuit has stressed that courts must not "fail[] to distinguish between substance abuse contributing to the disability and the disability remaining after the claimant stopped using drugs or alcohol." *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). That is, "[j]ust because substance abuse contributes to a disability does not mean that when the substance abuse ends, the disability will too." *Id.*

Here, substantial evidence supports the ALJ's finding that Plaintiff's disability would not continue if she stopped her substance abuse making Plaintiff's substance abuse a contributing factor material to the determination of disability. The ALJ found as follows:

> If the claimant stopped the substance use, the claimant would have the residual functional capacity to lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand, and/or walk with normal breaks for about 6 hours in an 8-hour workday; and push and pull without limitations. The claimant could frequently climb ramps, stairs, ladders, ropes, and scaffolds. She could frequent balance, kneel, and crawl, and occasionally stoop and crouch. She would have no manipulative, visual, or environmental limitations. The claimant would have sufficient ability to understand and remember simple instructions; complete simple instructions; follow directions without additional assistance; and maintain concentration, persistence, and pace for such tasks as needed to complete a full workday or workweek. She would have an adequate ability to maintain appropriate behaviors with others; would be capable of accepting simple instructions and

responding appropriately to feedback from supervisors; and would have sufficient ability to be aware of ordinary hazards, make simple decisions, utilize transportation, and cope with the demands of a routine work like environment.

In making this finding the ALJ relied on the opinion of consultative examiner Maria Gaab, M.D. Dr. Gaab examined Plaintiff on November 4, 2011. Dr. Gaab reported that Plaintiff was independent for all activities of daily living, but noted that Plaintiff did not drive. Dr. Gaab observed that Plaintiff last worked in 2005, and had been fired from her earlier jobs because she feel asleep on the job, and because of medication abuse. Plaintiff reported several suicide attempts from combined drug and alcohol abuse. Plaintiff also had a recent history of alcohol and psychoactive drug use. AR 19. On examination, Dr. Gaab observed that Plaintiff was lethargic at times, and fell asleep performing one task. Her attention and concentration were generally poor on examination. She admitted regular use of marijuana, cocaine, and alcohol. Test results showed problems with attention and memory. Dr. Gaab opined that medication might have caused cognitive slowing and contributed to problems with attention and memory.

The ALJ summarized Dr. Gaab's opinion as follows:

> Dr. Gaab noted the claimant provided an extensive list of psychotropic medications, but was unable to give dosage amounts or the names of any prescribing physicians, stating she took the medications not as prescribed, but rather as she needed them. She admitted using cocaine the prior month, and admitted she had lost jobs because of substance abuse issues. She reported attempting suicide four times with alcohol and drugs and having two drug related seizures. She admitted her desired was drugs and alcohol. She reported smoking marijuana once a month, drinking alcohol five times a week, and using prescription medications daily. She reported that she heard" spirits" telling her to harm herself.

AR 24

The ALJ gave Dr. Gaab's opinion great weight, because her findings and opinions are consistent with other evidence of ongoing drug abuse and her objective findings. AR 24. After reviewing the entirety of the medical opinions, the ALJ "rel[ied] more heavily on the findings and opinions of Dr. Gaab as she was in a better position (due to recency and first-hand ability to observe and test) to comment on the claimant's drug abuse than the State agency doctors and consultants. AR 25.

While Plaintiff challenges the ALJ's consideration of Dr. Gaab's statement that the "likelihood of durability problems is good," the ALJ did not simply pick and choose the statements in Dr. Gaab's opinion that supported a finding of non-disability. First, the ALJ relied

on Dr. Gaab's numerous findings that indicated that Plaintiff's drug use affected her cognitive ability. The opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir.1984). The ALJ gave great weight to Dr. Gaab's opinion because she thoroughly examined Plaintiff. The ALJ noted "that Dr. Gaab's report implies that the claimant's concentration and attention would improve but for the claimants improper use of medication (including illegal drugs)." AR 28. Based on Dr. Gaab's opinion and the other evidence in the record, the ALJ reasoned that Plaintiff's limitations were in large part a result of her drug/alcohol abuse and the ALJ factored that finding into his RFC finding. It is the responsibility of the ALJ, not a claimant's physician, to determine the RFC. *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001).

Further the ALJ's opinion that Plaintiff would not be disabled absent her drug abuse is supported by the record. The ALJ noted that the medical evidence contains ample evidence of illegal drug abuse as follows. AR 25.

> There are positive drug screens showing that the claimant was taking non-prescription medication; and that there were drugs in her system inconsistent with any of her corresponding prescriptions. She admitted that cocaine was her drug of choice, that she used it on a weekly basis, and she did not want to quit using drugs. The claimant tried to sneak medications while involuntarily hospitalized, and hospital security had to confiscate her purse and medications. The claimant's specific requests for Fentanyl patches and Norco from her doctors at Mountain Family Health Care suggest prescription drug seeking, particularly since they came at a time after Dr. Grandhe refused such medications to the claimant. The claimant admitted to consultative examiner Dr. Gaab that she used cocaine, smoking marijuana once a month, drank alcohol five times a week, and used prescription medications daily. Dr. Gaab further opined the claimant used her prescription medications for non-prescriptions reasons. The claimant's sister accused the claimant of taking her phone and letting a drug dealer use it. While the latter event occurred pre alleged onset date of disability, it is consistent with the subsequent records and supports a pattern of drug use.

AR 25.

Finally, the ALJ found Plaintiff lacked credibility. The ALJ noted Plaintiff's history of drug seeking behavior and the multiple notations of malingering throughout the record. AR 32. The ALJ specifically mentioned that "claimant's allegations lack credibility because of inconsistent statements, and evidence suggesting malingering and dishonest acts. For example, she testified she last used drugs in 2009, but in November 2011, the claimant reported to Dr. Gaab that

she last used street drugs in October 2011("one $10 rock and one $20 rock of cocaine").  Notably, Plaintiff makes no challenge to the credibility determination here.

When considering the record as a whole, and given the extensive evidence in the record regarding Plaintiff's history of drug and alcohol abuse, the Court finds that there was substantial evidence to support the ALJ's finding that Plaintiff did not meet her burden of proving that substance abuse is not a contributing factor material to her disability, in that she would remain disabled if the substance abuse ceased. *Parra*, 481 F.3d at 748. In fact, Plaintiff concedes in her brief that "most of her jobs ended due to substance abuse." (Doc. 16 at 13).  The ALJ reviewed all of the medical evidence in detail and correctly found that substance abuse was a contributing factor material to the determination of disability, and therefore Plaintiff is not entitled to relief.

**CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards.  Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security.  The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Carolyn W. Colvin, Acting Commissioner of Social Security and against Plaintiff Yolanda Cobb.

IT IS SO ORDERED.

Dated:   **February 2, 2015**              /s/ Barbara A. McAuliffe            _
                                                                    UNITED STATES MAGISTRATE JUDGE